FILED
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By cneibel at 5:26 pm, Oct 24, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>11-10218</u> |
| THOMAS J. McFARLAND | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| A. STEPHENSON WALLACE, TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding |
| | ) | Number <u>11-01021</u> |
| v. | ) | |
| | ) | |
| THOMAS J. McFARLAND | ) | |
| SHERRY H. McFARLAND | ) | |
| | ) | |
| Defendants | ) | |

## OPINION AND ORDER

On Tuesday, October 9, 2012, the Court held a pretrial conference during which the Defendants Sherry H. McFarland and Thomas J. McFarland, by and through Todd Boudreaux, their counsel of record, presented their objections to documents identified by Plaintiff Stephenson Wallace, Trustee, as exhibits to be offered at trial. As a general objection, Defendants argued Plaintiff failed to timely disclose documents in a Rule 26(a) Report. The record reflects that neither party submitted a Rule 26(a) Report. The Court considers each objection individually.[1]

---

[1] Plaintiff has not filed his Exhibit List with the Court and Defendants did not file their objections with the Court, but the parties acknowledge Plaintiff has provided Defendants with his Exhibit List and the Defendants' objections to that list are limited to those set forth in this Order.

After considering the matter, given the specific facts and circumstances of this case, I find Plaintiff's failure to disclose these documents in a Rule 26(a) report is harmless. Many of the documents involve a personal injury lawsuit that has been ongoing for several years. Both parties are well aware of the facts and circumstances surrounding the lawsuit and of this adversary. In addition, much of the information set forth in these proposed exhibits has already been discussed at length in Court in connection with this case and the associated proceedings. For these reasons and those set forth on the record at the hearing, the Court finds that the documents are such that they present no prejudice or surprise to the Defendants and the failure to provide them is harmless; they create no delay in the proceedings, and there is no suggestion of bad faith on the Trustee's part. See Fed. R. Bankr. P. 7026 and 7037; Cohen v. United States, 100 Fed. Cl. 461 (Fed. Cl. Aug. 3, 2011); S. States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir. 2003); Pinero v. 4800 W. Flagler L.L.C., 430 F. App'x 866 (11th Cir. 2011); Nance v. Ricoh Elec., Inc., 381 F. App'x 919 (11th Cir. 2010); Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339 (11th Cir. 2004).

As to the Defendants' specific objections to individual documents, the Court finds as follows:

The Defendants did not object to Plaintiff's Exhibits numbered:

(1)  Warranty deed dated May 15, 1968;

AO 72A
(Rev. 8/82)

  (7) Deed of Gift dated Nov. 9, 2009;

  (16) Judgment in civil action number 2008-CV-0505 dated February 2, 2011;

  (17) $5,000.00 promissory note dated May 15, 1968;

  (19) Complaint in Adversary proceeding no. 11-01021;

  (20) Defendants' answer to adversary proceedings;

  (22) May 15, 1968 Security Deed in favor of Noel Harrison in amount of $5,000.00;

  (23) Current Will executed by Thomas J. McFarland;

  (24) Current Will executed by Sherry H. McFarland;

  (25) Prior Will(s) executed Thomas J. McFarland; and

  (26) Prior Will(s) executed Sherry H. McFarland.

As a result, the foregoing exhibits to which Defendants offered no objection will be admitted into evidence at trial.

At the pretrial conference, Defendants withdrew their objections to certain exhibits. Those being exhibits numbered:

  (2) The October 2, 2009 Order scheduling mediation in civil action number 2008-CV-0505;

  (3) September 30, 2009 request by Defendant McFarland for mediation; and

  (21) May 15, 1968 Security Deed for 10,000.00 and in favor of Atlantic Savings & Trust.

As a result, the foregoing documents to which Defendants withdrew their objections shall be admitted at trial.

AO 72A
(Rev. 8/82)

As to certain of the documents presented, the Court will allow them to be used by Plaintiff for impeachment purposes only. See Fed. R. Bankr. P. 7026(a). These documents shall not to be used by Plaintiff during its case-in-chief. These documents are numbered:

(5) Travers W. Paine III letter scheduling mediation on October 29, 2009;

(6) No agreement in mediation in civil action number 2008-CV-0505;

(9) Hagen versus Thomas McFarland Complaint in civil action number 2008-CV-0505;

(10) Thomas McFarland responsive pleadings in civil action number 2008-CV-0505; and

(18) $100,000.00 commercial auto insurance policy issued to Thomas J. McFarland.

Furthermore, as to exhibit number 4, Gary Glover's letter of September 30, 2009, it shall be allowed into evidence for impeachment purposes only with Defendants permitted to question its relevance at the time of use.

At the hearing, Plaintiff acknowledged the following exhibits constitute hearsay, as a result they are inadmissible:

(12) Gary Glover letter of August 20, 2009 acknowledging Joylynn Hagen's special damages;

(14) Itemization of Hagen's medical bills; and

(15) Itemization of Hagen's lost wages.

AO 72A
(Rev. 8/82)

At the hearing, Plaintiff withdrew exhibits numbered:

    (8) Motor Vehicle Accident report dated March 13, 2008;

    (11) Hagen's discharge summary for March 13, 2008 to April 3, 2008 for hospitalization at MCG; and

    (13) Hagen's operation notes for March 13, 2008, March 19, 2008, March 21, 2008 and May 13, 2008.

SO ORDERED.

*/s/ Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 24th Day of October 2012.